No. 04-014

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 133N

MICHAEL H. DITTON,

        Petitioner and Appellant,

    v.

STATE OF MONTANA, DEPARTMENT OF
PUBLIC HEALTH AND HUMAN SERVICES,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                    In and For the County of Gallatin, Cause No. DV 03-251,
                    Honorable Mark Guenther, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Michael H. Ditton, Pro Se, Bozeman, Montana

        For Respondent:

        Barbara B. Hoffman, Special Assistant Attorney General, Department
        of Public Health and Human Services, Helena, Montana

Submitted on Briefs:  April 13, 2004

Decided:  May 25, 2004

Filed:

_____
                         Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Michael H. Ditton has type 1, insulin dependent diabetes. He filed a petition to receive state Medicaid benefits in January of 2002 with the Montana Department of Health and Human Services (DPHHS). Ditton had not yet applied for disability benefits with the Social Security Administration (SSA), so no determination of disability had been performed. DPHHS referred Ditton's case to Medicaid Eligibility Determination Service (MEDS) for a determination of disability. MEDS found that Ditton was not disabled. Ditton filed a challenge, and a hearing date was set. Before the hearing, MEDS determined that Ditton was disabled and awarded him benefits retroactive to October 2001. Meanwhile, Ditton had filed for disability with the SSA, which denied his application. In August, Ditton appealed the SSA decision denying him benefits. DPHHS, in the meantime, discovered that SSA had denied Ditton benefits. DPHHS revoked Ditton's benefits claiming that, as a matter of law, it is bound by the determinations of SSA.

¶3 Ditton requested a contested case hearing pursuant to § 2-4-601, MCA. The hearing officer granted summary judgment in favor of DPHHS. Ditton appealed to the Board of

Public Assistance and then to District Court, both of which affirmed the hearing officer's ruling. Ditton now appeals. We affirm.

¶4 As a preliminary issue, Ditton claims that DPHHS, under the doctrine of judicial estoppel, is bound by its previous statements on the record that he was entitled to benefits. However, the doctrine of judicial estoppel does not apply, because DPHHS has not changed its position. Rather, DPHHS admits that Ditton was previously determined to be eligible for benefits, but asserts that when Ditton also applied for SSA benefits, DPHHS became legally bound by the determination of SSA. Because SSA's decision had not yet been made at the time of DPHHS's earlier decision, it was not then a consideration. It was Ditton's subsequent application for SSA benefits that made it a factor.

¶5 The federal Medicaid regulations govern how determinations of disability are made when an individual applies for Medicaid on the basis of disability. 42 CFR 435.541. Accordingly, a Medicaid agency, such as DPHHS, is bound by SSA's determination of disability if the agency has a Section 1634 agreement, which is an agreement made pursuant to 42 U.S.C. 1383c. Under a Section 1634 agreement, the state Medicaid agency agrees to accept federal determinations of SSI eligibility as determinative of Medicaid eligibility.

¶6 DPHHS asserts that it has entered into a Section 1634 agreement with SSA. The existence of the Section 1634 agreement is supported by the affidavit of Michelle Thibodeau, the Bureau Chief of Disability Determination Services. Ditton responds that the affidavit, because it is written in the third person, is really the testimony of the notary public. As such, Ditton claims that Thibodeau's affidavit is inadmissable hearsay, without which, DPHHS

3

fails to prove the existence of the Section 1634 agreement. Also, according to Ditton, because the inadmissable Thibodeau affidavit is the only document in the record which states that he was denied SSA disability benefits, the record fails to support the conclusion that he was denied SSA disability.

¶7     However, the gravamen of this case is whether the hearing officer appropriately granted summary judgment to DPHHS. The appropriate question is whether or not a genuine issue of fact existed. Ditton failed to controvert the Thibodeau affidavit, which established that DPHHS had a Section 1634 agreement by which it was bound by SSA's determination of disability. He thus failed to establish that there were any genuine issues of material fact in dispute.

¶8     Ditton also claims that DPHHS violated the law by refusing to give him a hearing before revoking his benefits. According to Ditton, even though DPHHS may be bound by the determination of SSA, DPHHS is still required to give him a hearing before revoking his benefits. DPHHS procedures provide for a hearing when there are disputed facts. However, when, as here, there are no genuine issues of material fact, such a case is appropriately decided on summary judgment.

¶9     Lastly, Ditton claims that the District Court should have allowed him to proceed with discovery. However, Ditton's discovery requests centered on his assertions that DPHHS stole from him and forged documents, and that DPHHS was biased against him. Since Ditton's requests were not calculated to lead to the discovery of relevant material, the District Court did not err in refusing to order discovery.

4

¶10    Affirmed.


          /S/ W. WILLIAM LEAPHART


We concur:


/S/ JAMES C. NELSON

/S/ JOHN WARNER

/S/ PATRICIA O. COTTER

/S/ JIM RICE